## STATE OF OHIO, Plaintiff-Appellee v. BARMANN, Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 442. Decided December 4, 1943.

434

Martin T. Murnham, Springfield, for plaintiff-appellee.
Aaron J. Halloran, Springfield, for defendant-appellant.

## OPINION

**BY THE COURT:**

The above-entitled cause has now been determined as an error proceeding by reason of defendant's appeal from the judgment of the Municipal Court of the City of Springfield, Clark County, Ohio.

The action in the trial court was instituted through the filing of an affidavit in substance charging that the defendant on or about the 25th day of March, 1943, in the City of Springfield, did operate a motor vehicle on the public roads and highways without due regard for the safety and rights of pedestrians and drivers of and occupants of all other vehicles and so as to endanger the life, limb or property of any other person in lawful use of the roads or highways. In other words, the complaint followed the language of §12603-1 GC, without designating the street upon which defendant was operating his car other than the above averment that it was the public road and highways within the City of Springfield; no averment as to the

particular manner of operation that made it violative of the above section and no detail of any kind or character. Defendant went to trial upon the general allegations of the indictment under a plea of not guilty without attacking the same by motion or demurrer or asking specifications.

There are decisions to the effect that an indictment or information in the language of the statute is sufficiently definite. However, there is some question as to whether or not, in this particular question, a complaint merely following the statute in general terms without further detailing is sufficient to place defendant on trial.

Notwithstanding, that the affidavit might have been subject to attack, the defendant waived all infirmities through going to trial without objection. At the hearing the defendant was found guilty and the maximum sentence was imposed, i. e., a fine of $50.00 and costs of prosecution and license of driver suspended for a period of one year: The defendant gave notice of appeal and improperly designated it as an appeal on law and fact. Although the procedure act has been in existence for several years, we find many attorneys still have difficulty in distinguishing between an appeal on law and an appeal on law and fact. The code section providing for appeal defines the two types of appeal. The appeal on law is comparable to the old error proceedings, whereas the appeal on law and fact to our court applies only in a chancery case. It is obvious that there cannot ever properly be an appeal on law and fact in a criminal action. Counsel evidently had no intention of any other type of appeal than on law for the reason that all subsequent steps have been in furtherance of a determination of claimed errors. We will consider the appeal as one at law.

The evidence was not transcribed and therefore no bill of exceptions is filed in the case. In lieu thereof, there is filed an agreed statement of facts signed by the trial judge and by the attorneys for the state and the defendant. Ordinarily we would not think of copying an agreed statement of facts into our opinion, but in the instant case it is absolutely necessary in order to make certain observations necessary to a determination. Therefore, the agreed statement of facts is copied herein in full and reads as follows:

"IN THE MUNICIPAL COURT
CITY OF SPRINGFIELD, CLARK COUNTY, OHIO

STATE OF OHIO,                               No. 57299
                    PLAINTIFF,
        -vs-                          AGREED STATEMENT OF
HARRY C. BARMANN,                           FACTS
                    DEFENDANT

The evidence in this case was that Mr. Barmann was proceeding southwardly on Lowry Avenue in the City of Springfield, Ohio, in the day season on a clear day with the streets in excellent condition, dry and with no other condition present that would cause any hazard to the operation of a motor vehicle.

Mr. Barmann approached the intersection of Lowry Avenue with West Pleasant Street, a right of way street marked with a stop sign on Lowry Avenue, reduced his speed to approximately three (3) miles per hour, changed gears, and when, after looking east and west on Pleasant Street, he saw no traffic, he started across the intersection. He was in the southwest side of the intersection when an automobile driven by the complaining witness, coming from the east and proceeding westwardly at a speed of from twenty to thirty miles per hour, collided with the vehicle of the defendant. The car of the complaining witness skidded about ten (10) feet and the right front collided with the left middle of the defendant's motor vehicle. Neither car moved after the collision and the position of the cars was agreed upon in the east-bound traffic on Pleasant Street could not move eastwardly by reason of the cars being in that southwest portion of the intersection.

Upon these facts the Court found the defendant guilty of operating a motor vehicle in such a way that endangers the lives or property of other users of the highway, and stated that there was no defense to the charge, and inquired whether or not the civil damages to the complaining witness' car had been paid.

Upon such inquiry he was informed by the counsel that they had not been paid, and thereupon he told said counsel

for the defendant that he would not pass upon the matter until the damages had been paid.

Counsel for the defendant objected to such a procedure and the Court immediately stated that he would pass upon the matter, fined the defendant $50.00, and revoked his driver's license for a period of one year.

Subsequently, a motion for a new trial was filed, the same overruled, and on April 5, 1943, an entry was placed upon the records of the Court setting the bond at $100.00 for appeal which bond has been furnished, and imposing a fine of $50.00 and costs in revoking the defendant's driver's license.

It is agreed that the foregoing recital shall constitute the agreed statement of facts to be substituted for a transcript of the testimony in this cause.

Clark County Court of Appeals
Filed May 14, 1943
Verna M. Shoemaker, Clerk

Fred A. Wagner, Judge
Martin T. Burnham, Attorney for State
Aaron J. Halloran, Attorney for Defendant"

Under the law it becomes our duty to determine whether or not, under the above agreed statement of facts, the trial court was warranted in finding the defendant guilty.

We suspect that the evidence actually taken before the trial court was much more voluminous and possibly covered questions in more detail and may even have included some substantive matter not mentioned in the agreed statement at all.

However, we are not privileged to indulge in guess or presumption but must confine our inquiry on factual questions as to the matter set out in the agreed statement. The statute permits a bill of exceptions in narrative form or the record may be presented on an agreed statement of facts as in the instant case. However, in either instance counsel must be very careful that they include in their narrative form or agreed statement of fact every element essential to sustain the judgment. Both counsel for the appellant and appellee indicate that the trial court based his finding upon the fact that the defendant did not bring his automobile to a full stop before he crossed an intersecting street. It must be kept

in mind that defendant was not charged with failure to bring his automobile to a stop and even though it might be shown that defendant failed to bring his automobile to a full stop before entering the intersection it would not necsesarily follow that this conduct would violate the provisions of §12603-1 GC. For instance, let us assume that a driver of an automobile failed to stop at an intersection where, under an appropriate section, he was required to bring his car to a full stop; that such a driver failed to conform to the statutory provision but there was no other traffic on the street whatever of any kind or character. It is obvious that such failure to stop would not endanger the life, limb, or property or in any way be violative of §12603-1 GC. It's quite true that evidence of mode of operation, including failure to stop, might be properly admitted in evidence but under the charge presented in the instant case a mere failure to stop would not be sufficient proof to constitute guilt under the affidavit in the instant case.

Furthermore, the agreed statement of facts is not sufficiently definite to disclose that the defendant was under any statutory requirement to stop on Lowry Avenue before approaching the intersection of West Pleasant Street. The agreed statement of facts does say that West Pleasant Street was a right-of-way street marked with a stop sign on Lowry Avenue, but nowhere in the agreed statement of facts is it set out that the stop sign was placed on Lowry Avenue by statutory authority. Furthermore, the agreed statement of facts does not disclose in what classification Lowry Avenue is placed. It may or may not be a main thoroughfare with equal preferential rights to that of West Pleasant Street. The agreed statement of facts states that the defendant approached West Pleasant Street, slowed down, changed gear and was crossing at a speed of three miles per hour. He had crossed the north half of West Pleasant Street and was in the southwest quarter of said intersection when a west bound car skidded into his left center. It further appears in the agreed statement of facts that the accident happened in the day season on a clear day with the streets in excellent condition, dry and with no other condition present that would cause any hazard to the operation of a motor vehicle. The car that skidded into the defendant's car was being operated at a speed of from twenty to thirty miles an hour.

It further appears, that the defendant, before crossing the street, slowed down, changed gears, looked to the east and west and saw no traffic approaching from either direction. The query arises at once as to where was the car that skidded into the defendant's automobile when defendant looked in both directions before starting to cross West Pleasant Street. We search in vain for any facts through which it might be determined that the defendant did not look at all or looked negligently and therefore was not in the exercise of ordinary care in putting himself in the path of an oncoming car having a preferential right in the intersection. This showing is usually made by locating the position of the oncoming car; the physical surroundings showing an unobstructed view and other conditions through which it would be a demonstrative fact that if the party looked before starting to cross and looked efficiently he must have seen what was there to be seen. Many years ago the Supreme Court illustrated this principle by saying that if the sun was shining, a person with eyesight could not be heard to say that he looked at the sun and did not see it.

From the agreed statement of facts we must assume that the skidding car was not in view and approached the intersection before defendant started across. Again it appears that the north half of West Pleasant Street upon which the skidding car should have been was clear and the query arises as to why he did not pass in the rear of defendant's car. The skidding car struck the defendant's car over in the southwest corner where such skidding car had no right to be. The query arises as to what caused the west bound car to skid. There is nothing in the agreed statement of facts that gives us any information on this question. It may be possible that the state claims that the operator of the west bound car was so close to the intersection when defendant started across that he was compelled to put on his brakes and that this operation caused him to skid across the center line into the southwest corner and there strike defendant's car. Again, it may be that the operator of the west bound car was negligent in some manner and that the skidding was due to some other cause. The agreed statement does not give us sufficient facts to determine this vital question.

Considering the agreed statement in its entirety we are forced to the conclusion that it does not contain sufficient facts upon which to base a conviction.

Another claimed error is, in substance, that the sentence was out of proportion with the nature of the offense. The court imposed the maximum fine and revoked defendant's license for a period of one year. This does seem like a rather severe penalty but in view of our conclusion that the cause must be reversed we make no further comment. We find nothing in the record supporting the claim that the trial court was actuated in his sentence through defendant's counsel refusing to consider or make a settlement of the civil damages. Of course, no prosecuting witness should be permitted to use the criminal courts for the purpose of a collecting agency nor should any trial court lend its aid to such a plan. Where the guilt is clear and not controverted a trial court can properly take into consideration as an extenuating circumstance the fact of the payment of all damages. Of course, many other factual situations may be considered by the court before imposing sentence. We are constrained to the view that the judgment of the Municipal Court must be reversed and cause remanded for new trial.

Costs in this court will be charged against the plaintiff-appellee.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.